| | | |
|---|---|---|
| JAMES WILSON, # 259112, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-00588 |
| | ) | |
| STEVE DOZIER, *et al.*, | ) | Judge Trauger |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Wilson, who is currently in custody of the Turney Center Industrial Complex in Only, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). The court conducted an initial review pursuant to the Prison Litigation Reform Act ("PLRA") and dismissed the complaint. (Doc. No. 9). Now before the court is the plaintiff's motion to alter or amend judgment. (Doc. No. 11); *see* Fed. R. Civ. P. 59(e).

### I.      SUMMARY OF THE COMPLAINT

In its initial review of the complaint, the court summarized the plaintiff's factual allegations as follows:

> The plaintiff names seven defendants: Judge Steven Dozier, Judge Steven Stafford, Judge Neal McBrayer, Senior Judge Donald Ash, Joanna Blackwell, Peter Strianse, and Dwight Scott. (Doc. No. 1 at 1).
>
> The plaintiff was convicted of felony murder in Tennessee state court and sentenced to life imprisonment. *Wilson v. State*, No. M2016-00860-CCA-R3-HC, 2016 WL 6493234, at *1 (Tenn. Crim. App. Nov. 2, 2016). The plaintiff alleges that during a state post-conviction hearing in March 2004, he learned for the first time that the State had offered him a plea deal that his attorney, Mr. Strianse, did not communicate to him. (Doc. No. 1 at 3). The plaintiff further alleges that he testified at the post-conviction hearing that counsel had not told him about the offer, but this testimony was omitted from his post-conviction transcripts. (*Id.* at 4). Ms. Blackwell was the court reporter for the post-conviction hearing, and the

1

plaintiff alleges that she was never a licensed court reporter. (*Id.* at 5). Mr. Scott represented the plaintiff at his post-conviction hearing. (*Id.* at 4).

In November 2012, the plaintiff filed a motion to reopen his post-conviction proceedings to raise a claim that trial counsel was ineffective for failing to communicate a plea offer. (*Id.* at 3; *see* Doc. No. 1-1 at 36). Judge Dozier denied that motion, explaining that "[t]he transcript [] demonstrates that the petitioner was aware of trial counsel's testimony at the post-conviction hearing that a twenty-five year offer had been made and the petitioner did not raise an issue with that information in his testimony at that hearing." (Doc. No. 1-1 at 38).

Beginning in 2014, the plaintiff made several public records requests for an audio recording of the March 2004 post-conviction hearing. (*Id.*; *see* Doc. No. 1-1 at 17−25)). Judge Dozier denied the requests that were presented to him. (Doc. No. 1 at 4; *see* Doc. No. 1-1 at 27−33). The plaintiff also filed a writ of mandamus in the Davidson County Chancery Court. (Doc. No. 1 at 4). Senior Judge Ash denied the writ. (*Id.* at 5). In the Tennessee Court of Appeals, Judge McBrayer and Judge Stafford conducted *in camera* review of the audio recording, and the Tennessee Court of Appeals affirmed the denial of mandamus. (*Id.*); *see State ex rel. Wilson v. Gentry*, No. M2019-02201-COA-R3-CV, 2020 WL 5240388, at *4 (Tenn. Ct. App. Sept. 2, 2020).

It is the plaintiff's "firm belief that the alteration of transcripts and other state court records, to the detriment of defendants, is a systemic practice." (*Id.* at 6). He concludes that "Defendants are conspiring, under the color of State law, to deny [him], and others similarly situated, Due Process and cover-up their misconduct." (*Id.*) He seeks injunctive relief, including for the court to order release of the audio recording of his post-conviction hearing to him, as well as criminal investigations and prosecutions of all Defendants. (*Id.* at 7).

(Doc. No. 9 at 3−5).

## II.     RULE 59(e) STANDARD

A party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "'Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *General Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022).

2

### III.   ANALYSIS

The plaintiff seeks relief based on four assertions of clear error.[1] The court will address each contention in turn.

#### A.  Section 1985 Claims

The plaintiff argues that the court erred in failing to address his claims pursuant to 42 U.S.C. § 1985. Neither the complaint nor the motion to alter or amend judgment specifies a particular provision of Section 1985. The court will consider the plaintiff's allegations under both Section 1985(2) and 1985(3).

Section 1985(2) "prohibits 'two or more persons [from] conspir[ing]' to interfere with state judicial proceedings 'with intent to deny to any citizen the equal protection of the laws.'" *Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015) (quoting Section 1985(2)).

To state a claim under Section 1985(3),

> a plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Webb v. United States*, 789 F.3d 647, 671−72 (6th Cir. 2015).

Under either provision, "a plaintiff must allege that there was some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Hill v. Pell*, No. 24-3268, 2025 WL 948425, at *2 (6th Cir. Jan. 21, 2025) (quotation marks omitted).

---

[1] The plaintiff also notes that he "sent over 64 pages of exhibits and cited to Published and unpublished court cases available on WestLaw and Lexus Nexus to show Specific Evidence To Substantiate His Claims." (Doc. No. 11 at 4). To the extent plaintiff seeks relief under Rule 59(e) on this basis, it is denied because the court did not dismiss his complaint based on lack of evidence. (*See* Doc. No. 9 at 9) (dismissing some claims for lack of jurisdiction and others for failure to state a claim upon which relief may be granted).

The complaint does not allege facts from which the court may infer racial or class-based discrimination. Indeed, the complaint does not allege that the plaintiff is a member of a protected class, racial or otherwise. (*See generally* Doc. No. 1).

The complaint alleges that Tennessee Court of Appeals Judges McBrayer and Stafford denied the plaintiff relief but later granted similar relief to a white petitioner in another case. (Doc. No. 1 at 5). Assuming *arguendo* that this allegation was sufficient for the court to infer that the plaintiff was alleging racial discrimination,[2] the complaint nevertheless fails to state a Section 1985 claim upon which relief may be granted. The complaint does not allege any facts from which the court may infer that Judges McBrayer and Stafford engaged in a conspiracy to deprive the plaintiff of constitutional rights or that they acted with racial animus. The Tennessee Court of Appeals reached different results in two distinguishable cases, and there is no evidence that race motivated either decision. *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (holding that plaintiff had failed to state a claim for unlawful discrimination because the "complaint [did] not contain any factual allegation sufficient to plausibly suggest [the defendants'] discriminatory state of mind"). Accordingly, the plaintiff's request for Rule 59(e) relief based on this basis will be denied.

**B. Section 1983 Conspiracy Claims**

The plaintiff argues that the court erred in not finding that Defendants Strianse and Scott, his trial and post-conviction attorneys, respectively, engaged in a civil conspiracy with state actors to deprive the plaintiff of his constitutional rights. (Doc. No. 11 at 2−3).

"Although a private party may be held liable under § 1983 for conspiring with a state actor to commit civil rights violations, . . . append[ing] 'a bare assertion of conspiracy' to a legal

---

[2] In his motion to alter or amend judgment, the plaintiff identifies himself as black. (Doc. No. 11 at 4).

4

malpractice claim" is insufficient to state a claim upon which relief may be granted. *Gentry v. Tenn. Bd. of Judicial Conduct*, No. 17-6171, 2018 WL 11339111, at *3 (6th Cir. Mar. 26, 2018). Instead, the plaintiff must allege "there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to [him]." *Heyne v. Metro. Nashville Public Schools*, 655 F.3d 556, 563 (6th Cir. 2011) (citation omitted). These pleading requirements are "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Here, the complaint includes only the conclusory assertion that "[t]hese facts taken together with my diligence in pursuing my rights would lead a reasonable person to conclude that the Defendants are conspiring, under the color of State law, to deny me, and others similarly situated, Due Process and cover-up their misconduct." (Doc. No. 1 at 6).

The plaintiff does not allege facts from which the court may reasonably infer that that any defendants, including Strianse and Scott, were involved in a conspiracy to deny him any constitutional right. Accordingly, the plaintiff's request for Rule 59(e) relief based on this basis will be denied.

### C. Claims Against Judge Stafford, Judge McBrayer, and Senior Judge Ash

The plaintiff argues that the court erred in dismissing his claims against Senior Judge Ash and Court of Appeals Judges Stafford and McBrayer for lack of jurisdiction based on the *Rooker-Feldman* doctrine. (Doc. No. 11 at 4); (*see* Doc. No. 9 at 7–8).

As the court explained in the dismissal order, the *Rooker-Feldman* doctrine provides that federal district courts do not have subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

5

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The plaintiff argues that he "is not seeking review of state court cases [but is] merely using them as evidence of the conspiracy alleged." (Doc. No. 11 at 4). However, the complaint's only allegations against Senior Judge Ash, Judge Stafford, and Judge McBrayer involve these defendants' rulings against the plaintiff in state-court proceedings. The plaintiff has not demonstrated clear error in dismissing these claims based on lack of jurisdiction under the *Rooker-Feldman* doctrine. His request for Rule 59(e) relief based on this basis will be denied.

### D. Claim Against Joanna Blackwell

Finally, the plaintiff argues that the court erred in dismissing his claim against court reporter Joanna Blackwell. (Doc. No. 11 at 3). The court dismissed this claim because the complaint does not allege facts from which the court may infer that any alteration of the plaintiff's post-conviction transcripts amounted to a denial of due process. (Doc. No. 9 at 6). The plaintiff argues that he was denied due process because "[i]f the Post-Conviction transcripts would not have been altered the ruling of the Appellate Court would have been different." (Doc. No. 11 at 3).

The complaint does not allege that a correct transcript would have changed the result of the plaintiff's post-conviction appeal. Instead, in the memorandum of law attached to the complaint, the plaintiff argues that a correct transcript is necessary for him to present a post-conviction claim under *Missouri v. Frye*, 566 U.S. 134 (2012). (Doc. No. 2 at 4−5).

However, the plaintiff does not have, and never had, a procedural avenue available to present a claim based on *Frye*. His state post-conviction proceedings and federal 28 U.S.C. § 2254 proceedings were completed long before the Supreme Court decided *Frye* in 2012. *See Wilson*

6

*v. Brandon*, No. 3:05-cv-01010, 2006 WL 1083427 (M.D. Tenn. Apr. 21, 2006) (denying the plaintiff's Section 2254 petition for writ of habeas corpus). And as a matter of both Tennessee and federal law, *Frye* does not provide a basis for the plaintiff to reopen or file a new collateral attack on his conviction. *See In re Liddell*, 722 F.3d 737 (6th Cir. 2013) ("[N]either *Frye* nor [*Lafler v. Cooper*, 566 U.S. 156 (2012)] created a 'new rule of constitutional law' made retroactive to cases on collateral review by the Supreme Court."); *Berry v. State*, No. M2013-01927-CCA-R3-PC, 2014 WL 2902275, at *5 (Tenn. Crim. App. June 26, 2014) (collecting cases and holding that *Frye* "not establish any new constitutional rights, and we accordingly find that the postconviction court correctly dismissed [the petitioner's] motion to reopen his petition for post-conviction relief").

The complaint does not allege facts from which the court may reasonably infer that any alleged alteration in his post-conviction transcript denied the plaintiff due process. His request for Rule 59(e) relief based on this basis will be denied.

### IV.    CONCLUSION

The plaintiff's motion to alter or amend judgment (Doc. No. 11) is **DENIED**.

The court finds that the plaintiff's appeal (Doc. No. 10) is taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610−11 (6th Cir. 1997).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

7